376 PEOPLE ex rel. DREVET v. FIRE COMMISSIONERS.

FIRST DEPARTMENT, AUGUST TERM, 1883.

shall be apprised substantially of the ground intended to be relied upon by his adversary in the course of the trial, when that may take place. And when the pleadings fail to do that the party chargeable with the failure can derive no advantage from evidence appearing upon the trial, tending to establish the existence of a cause of action or defense not included in his pleadings. (*McKyring* v. *Bull*, 16 N. Y., 297; *Laraway* v. *Perkins*, 10 id., 371; *Brazill* v. *Isham*, 2 Kern., 9; *Rubber Co.* v. *Goodyear*, 9 Wall., 788, 793; *Wright* v. *Delafield*, 25 N. Y., 266, 270; *Hudson* v. *Swan*, 83 id., 552; *South wick* v. *First National Bank of Memphis*, 84 id., 420.)

"As the case was presented the defenses relied upon by the defendant were, neither of them, proved, but the plaintiffs have been defeated in their right to recover the money loaned by them, by a defense to which there was no reference whatever in the defendant's answer, and which they consequently could not anticipate and were not legally required to meet. The result is that the judgment under these circumstances cannot be sustained."

*Wm. B. Hornblower* and *Joseph S. Auerbach*, for the appellants.

*Edward P. Wilder*, for the respondent.

Opinion by DANIELS, J.; DAVIS, P. J., concurred.

Present — DAVIS, P. J., BRADY and DANIELS, JJ.

Judgment reversed and new trial ordered, with costs to abide event.

---

THE PEOPLE OF THE STATE OF NEW YORK ex rel. ERNEST DREVET, RESPONDENT, v. THE BOARD OF FIRE COMMISSIONERS OF THE CITY OF NEW YORK, APPELLANT.

*Practice — power of the court to consider the weight of evidence in proceedings by* certiorari — *Section* 2140 *of the Code of Civil Procedure is not applicable to proceedings commenced prior to September* 1, 1880.

APPEAL from an order of the Special Term, reversing the decision of the board of fire commissioners.

The court at General Term said: "The Special Term, following the decision of this court in the *People ex rel. Murphy*, held that it

had no power in this case to review the proceedings of the board on questions relating to the weight of evidence. *The People ex rel. Murphy* v. *French* was subsequently affirmed by the Court of Appeals (92 N. Y., 306), and it settles that in proceedings by *certiorari* to review the acton of inferior tribunals, commenced prior to September, 1880, section 2140 of the Code of Civil Procedure has no application. Such cases are governed by the law existing prior to the section of the Code cited taking effect. As the law is now established by the Code the court is at liberty to review the evidence and proceedings upon consideration of the evidence, and to review the decision whenever it would feel justified in setting aside a verdict upon the same evidence as against the weight of evidence." * * *

*George P. Andrews*, for the appellant.

*Douglas A. Levien*, for the respondent.

Opinion by Davis, P. J.; Brady and Daniels, JJ., concurred.

Order affirmed, with costs.

---

## ALEXANDER R. PHYFE, Respondent, *v.* THE MANHATTAN RAILWAY COMPANY, Appellant.

*Evidence — measure of damages for loss of business, occasioned by plaintiff's being confined to his house by reason of an injury to him resulting from the defendant's negligence.*

APPEAL from a judgment, entered on a verdict of a jury, and from an order denying a motion for a new trial, made upon the minutes of the justice before whom the action was tried.

This action was brought for the recovery of damages sustained by an injury to the plaintiff, received while attempting to enter a car of the defendant at one of its stations. The testimony on the part of the plaintiff showed that as he entered the cars while the train was stopping at the station, the gate was shut against him and he was pushed by the brakeman so that he fell on the platform and sustained internal injuries which laid him up and kept him wholly from his business for some ten or twelve days, during which time